IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOE 1, *et al* <br><br> *Plaintiffs*, <br><br> v. <br><br> UPPER SAINT CLAIR SCHOOL DISTRICT, *et al,* <br><br> *Defendants*. | Civil Action No. 2:22-cv-112 <br><br> Hon. William S. Stickman IV |

### MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Under the "American Rule," parties are generally responsible for their own attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Thus, a prevailing party will not be awarded attorney fees unless specifically warranted by statutory authority. *John T. ex Rel. Paul T. v. Delaware County*, 318 F.3d 545, 555 (3d Cir. 2003). Plaintiffs in this case brought an action against the Upper Saint Clair School District and its School Board seeking to enjoin the implementation of its mask-optional policy while the rate of transmission of COVID-19 in Allegheny County, Pennsylvania, was classified as "high" or "substantial" under guidance from the Centers for Disease Control and Prevention ("CDC"). (ECF No. 1). The Court denied Plaintiffs' request for a temporary restraining order. (ECF No. 15). It held, *inter alia*, that Plaintiffs had not demonstrated a reasonable likelihood of success on the merits of their claims. (ECF No. 14). On appeal, the United States Court of Appeals for the Third Circuit issued a single-judge order which imposed a temporary injunction

1

that maintained the status quo pending an expedited appeal. (CA3 No. 5).[1] Later, while the appeal was pending, the matter became moot when the CDC completely recalibrated its guidance vis-à-vis masking. The Third Circuit dismissed the appeal and directed the Court to close the case. (CA3 No. 44). Plaintiffs thereafter filed a motion asking for a substantial award of attorney fees—$107,527.50. (ECF No. 31).

As explained herein, Plaintiffs' motion will be denied since they failed to satisfy the statutory threshold for such a claim. The Court holds that the interim relief granted by the Third Circuit to maintain the status quo pending appeal does not constitute relief on the merits and does not render Plaintiffs prevailing parties. Plaintiffs had the burden of establishing their right to relief as prevailing parties, and the Court has determined that they failed to do so. Attorney fees are, therefore, not available.

## I.   FACTUAL AND PROCEDURAL HISTORY

On December 10, 2021, the Pennsylvania Supreme Court unanimously held that the state-wide masking order issued by Acting Pennsylvania Secretary of Health Alison Beam exceeded the authority of the Pennsylvania Department of Health. S*ee Corman v. Acting Sec'y of Pa. Dep't of Health*, 266 A.3d 452 (Pa. 2021). On January 10, 2022, the School Board of the Upper Saint Clair School District ("School Board") enacted a policy making the wearing of face masks optional, effective Monday, January 24, 2022. On January 19, 2022, Plaintiffs brought this action seeking to enjoin the implementation of Upper Saint Clair School District's ("School District") mask-optional policy. The Complaint (ECF No. 1) and Motion for Temporary Restraining Order ("TRO") (ECF No. 2) alleged that the pseudonymous child plaintiffs were "medically fragile" and that the School Board's decision to make masking optional violated both

---

[1] (CA3 No. ___) refers to the Third Circuit's docket in *John Doe 1 v. Upper Saint Clair School District*, No. 22-1141.

Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973 ("Section 504" or "Rehabilitation Act"), 29 U.S.C. § 794(a). Specifically, Plaintiffs asserted that as long as CDC guidance rated Allegheny County in the "high" or "substantial" levels of COVID-19 transmission (pursuant to its July 2021 rubric), any decision by the School District to make masking optional would violate the ADA and the Rehabilitation Act.

The Court held a hearing on Plaintiffs' motion for a TRO on January 20, 2022. (ECF No. 21). On January 21, 2022, the Court denied the motion for a TRO, holding that Plaintiffs were not reasonably likely to prevail on the merits because (1) they lacked Article III standing; (2) they failed to exhaust administrative remedies; and (3) their requested accommodation—mandatory universal masking—was not required by either the ADA or the Rehabilitation Act. (ECF Nos. 14, 15). Looking beyond the reasonable likelihood of success on the merits prong, the Court also held that other factors governing the award of injunctive relief, such as a balance of the equities, weighed against granting the motion.

Plaintiffs filed a Notice of Appeal on January 21, 2022. (ECF No. 16). The case was docketed in the Third Circuit at No. 22-1141. On January 22, 2022, Plaintiffs filed a Motion for Injunction Pending Appeal (ECF No. 17), which this Court denied the same day, stating that "[f]or the reasons set forth at length in the Court's January 21, 2022, Opinion, injunctive relief is not warranted." (ECF No. 19). Plaintiffs then filed a Motion for Emergency Relief or, in the Alternative, to Expedite Appeal in the Third Circuit. (CA3 No. 3). Defendants, in turn, filed a Motion to Quash the Appeal. (CA3 No. 4). On Sunday evening, January 23, 2022, the Honorable Thomas L. Ambro issued a single-judge Order that stated:

> The foregoing Motion by Appellants for emergency injunctive relief is GRANTED on a temporary basis. A full three-judge panel of this Court will be

3

formed forthwith to consider the motions and issue a ruling. Both parties must file responses to the pending motions on or before 2:00 pm on Tuesday, January 25, 2022. Counsel are advised that the Court may wish to hear argument, which would likely take place via Zoom, later in the week and are directed to advise the Clerk immediately of their availability.

(CA3 No. 5). The parties submitted briefs, as directed, but the Third Circuit did not conduct oral argument or issue a determination on the merits of Plaintiffs' appeal.

On February 4, 2022, the Third Circuit consolidated the appeal pending in this case with two appeals filed in a case challenging North Allegheny School District's masking policy. (CA3 No. 25). That Order issued a briefing schedule and set oral argument for March 24, 2022. (*Id.*). It further provided that "[t]he injunction granted in appeal No. 22-1141 on January 23, 2022, shall remain in effect pending further order of this Court." (*Id.*).

On February 25, 2022, the CDC completely recalibrated its guidance regarding masking. Allegheny County was re-classified as being in the new "low" category of risk and, therefore, masking was no longer recommended. That same day, the Third Circuit issued an Order asking the parties whether they believed that the pending appeals had become moot. (CA3 No. 41). After the parties responded, the Court issued a March 1, 2022, Order stating as follows:

> The Court is in receipt of the parties' supplemental briefing, filed earlier today. While we doubt issues of standing or exhaustion deprive this Court of jurisdiction, we agree with the parties that the absence of a live controversy renders this matter moot unless the exception for questions "capable of repetition yet evading review" is applicable here. For essentially the reasons we explained in *County of Butler v. Governor of Pennsylvania*, 8 F.4th 226 (3d Cir. 2021), that exception does not apply. The appeals at Nos. 22-1141, 11-1160, and 22-1299 are therefore DISMISSED as moot.
>
> In addition, the District Courts' orders and opinions entered January 17, 2022, in W.D. Pa. No. 2-22-cv-00055 and January 21, 2022, in W.D. Pa. No. 2-22-cv-00112 are VACATED, and the matters are REMANDED to the District Court with instruction to dismiss without prejudice the complaints as moot. *See United States v. Munsingwear*, 340 U.S. 36 (1950); *Lightner ex rel. N.L.R.B. v. 1621 Route 22 W. Operating Co., LLC*, 729 F.3d 235, 238 (3d Cir. 2013).

> The temporary injunctive relief granted by the Court on January 23, 2022, and continued on February 4, 2022, is VACATED.
>
> All pending motions are DISMISSED as moot.
>
> The clerk is directed to assign any future appeals related to these matters to this panel.

(CA3 No. 44). Pursuant to the Third Circuit's Order, the Court dismissed Plaintiffs' Complaint on March 2, 2022. (ECF No. 30). Plaintiffs filed the instant Motion for Attorneys' Fees and Costs on March 16, 2022. (ECF No. 31).

## II.    ANALYSIS

Plaintiffs recognize that for an award of fees to be warranted, they must be deemed a prevailing party. They also recognize that they were granted no relief by the Court, which denied their request for a TRO. They correctly summarize both the outcome of the proceedings before the Court and its rationale: "[T]his Court held that Plaintiffs were not entitled to injunctive relief because: (1) Plaintiffs could not demonstrate an injury-in-fact necessary to confer Article III standing; (2) Plaintiffs failed to exhaust administrative remedies; and (3) the accommodation Plaintiffs were requesting was not reasonable." (ECF No. 32, p. 8). There can be no reasonable argument that Plaintiffs prevailed in this Court.

Nevertheless, Plaintiffs contend that the January 23, 2022, single-judge Order of the Third Circuit—which imposed a temporary injunction maintaining the status quo pending an expedited appeal—granted them the very substantive relief that they were seeking, rendering them prevailing parties entitled to attorney fees. They argue, "The injunctive relief provided by the Third Circuit granted 100% of the relief Plaintiffs sought in this case. . . . As a direct result of the merits-based injunctive relief provided by the Third Circuit, Plaintiffs were provided merits-based relief by providing 100% of the requested relief which fulfilled Plaintiffs' purpose of

5

protecting their civil rights against specific unwarranted exercises of that power by the School District." (*Id.* at 10).

Neither the January 23, 2022, Order imposing the temporary injunction nor the February 4, 2022, Order extending it, addressed the merits of the issues on appeal or provided any rationale. However, Plaintiffs cite to language in the Third Circuit's March 1, 2022, Order dismissing the case as moot as supporting evidence that the Third Circuit considered their arguments and that the entry of the temporary injunction was a decision on the merits: "[T]he Third Circuit's Order states 'While we doubt issues of standing or exhaustion deprive this Court of jurisdiction, we agree with the parties that the absence of a live controversy renders this matter moot. . . .'" (ECF No. 32, p. 10).

The law is clear in this Circuit that for an award of attorney fees to be available, a plaintiff must have not only received some relief, but prevailed on the merits. Several Third Circuit cases are directly on-point to the issue of whether Plaintiffs can be deemed prevailing parties. Those cases dictate that Plaintiffs' motion be denied.

In *Singer Management Consultants, Inc. v. Milgram*, 650 F.3d 223 (3d Cir. 2011), the court affirmed the district court's denial of a petition for attorney fees where it had previously granted the plaintiff's motion for a TRO. The case concerned New Jersey's attempts to enforce its Truth in Music Act, which precluded a music group from using a group name in advertisements or performances unless certain statutorily defined prerequisites were met. Specifically, the State attempted to use the Act to preclude two groups from using the names "The Platters" and "The Coasters" at a concert scheduled to take place at the Atlantic City Hilton. The plaintiff music promoter successfully obtained a TRO barring the enforcement of the Act as violative of the First Amendment. The TRO prohibited the State from interfering with

6

the advertising, promotion and/or performance at the scheduled concert. After the TRO issued, the plaintiff marketed and promoted the concert by using both group names. At the hearing on the preliminary injunction, the State of New Jersey acknowledged legal issues with the statute. Based on this "evolved" position, which disclaimed any future attempt to enforce the Act, the district court issued an order that vacated the TRO (although it had already expired by its own terms after the passage of ten days and the performance of the concert). The plaintiff then sought attorney fees, which the district court denied.

The Third Circuit affirmed, holding that the plaintiff was not a prevailing party—even though it obtained the TRO that it sought, and the TRO permitted the concert at issue to go forward as scheduled. It explained, "To be eligible to make a prevailing-party claim under [42 U.S.C.] § 1988, the plaintiff must 'at a minimum, . . . be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.'" *Singer Mgmt.*, 650 F.3d at 228 (citation omitted). "The Supreme Court so far has identified two resolutions that establish prevailing party eligibility: (1) judgments on the merits, and (2) court-ordered consent decrees (including settlement agreements enforced through consent decrees). The first resolution contains two independent requirements: (1) a judgment (2) that was on the merits." *Id.* (internal citation omitted). The requirement that a judgment be "on the merits" is critical. *Id.* at 229. "[R]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* (citation omitted).

In *Singer Management*, the Third Circuit recognized that the award of injunctive relief "can, under appropriate circumstances, render a party 'prevailing.'" *Id.* (*quoting People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 233 (3d Cir. 2008)). "However, the 'merits' requirement is difficult to meet in the context of TROs and preliminary injunctions, as the

plaintiff in those instances needs only to show a *likelihood* of success on the merits (that is, a reasonable chance, or probability of winning) to be granted relief. A 'likelihood' does not mean more likely than not." *Id.* The court held that the TRO enjoining the enforcement of the New Jersey statute and the interference with the scheduled concert "was not merits-based," meaning it did not "confer eligibility for prevailing party status." *Id.* at 230. The Third Circuit observed that the district court never ruled that the challenged statute was unconstitutional. Rather, it merely found that the plaintiff had established a likelihood of success on the merits. This was not a judgment on the merits necessary to confer prevailing party status.

The Third Circuit's decision in *John T. ex rel. Paul T. v. Delaware County Intermediate Unit*, 318 F.3d 545 (3d Cir. 2003), is also instructive. There, the court held that the plaintiff student was not a prevailing party for the purpose of a fee award, despite having successfully obtained a preliminary injunction. The case arose when the parents of the minor plaintiff sued Delaware County, Pennsylvania, seeking an injunction requiring it to continue to provide special educational services at the parochial school that their son attended. After a hearing, the district court issued a preliminary injunction, ordering the defendant county "to provide John T. with speech therapy, occupational therapy, a teacher's aide, and an itinerant teacher, for secular subjects only, at levels reasonably calculated to afford meaningful educational progress *in his current school program at St. Denis.*" *Id.* at 549. Ultimately, after considerable additional litigation—including a successful contempt petition for the defendant's failure to comply with the preliminary injunction—the parties reached an amicable resolution and the plaintiff voluntarily dismissed the Complaint. He then moved for attorney fees as a prevailing party under the fee shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B). The district court denied the motion.

8

On appeal, the Third Circuit explained that while Section 1415(i)(3)(B) of the IDEA provides for the award of attorney fees, the plaintiff was not a "prevailing party," notwithstanding the award of the preliminary injunction. *Id.* at 558. The Third Circuit explained that "[t]he Preliminary Injunction is an insufficient basis on which to award attorney's fees to John T. because it is interim relief not based on the merits of John T.'s claims." *Id.* Rather, it was merely interim relief "designed to maintain the status quo during the course of the proceedings." *Id.* (citation omitted). Further, the Third Circuit held that the interim award of a preliminary injunction was not merits based because, although "John T. had shown a reasonable probability of success on the merits, [the district court] did not resolve any merit-based issue in John T.'s favor." *Id.* at 559.

The Third Circuit in *John T.* relied upon its earlier decision in *J.O. v. Orange Township Board of Education*, 284 F.3d 267 (3d Cir. 2002). There, an administrative law judge ("ALJ") determined that a suspended high school student must be permitted to return to school pursuant to the IDEA. However, shortly after the ALJ's ruling, the family moved out of the school district, and thus "there were no further administrative proceedings concerning [the student's] education." *Id.* at 270. Nevertheless, the plaintiff sought prevailing party attorney fees based on the attorney fees provision of the IDEA—arguing that her success before the ALJ and the reinstatement of the student to school was sufficient to establish prevailing party status. The district court disagreed and denied the motion.

The Third Circuit affirmed the denial of the fee petition. It explained that, as a general matter, the award of attorney fees requires that the party succeed on the merits of his or her claim and that the consensus amongst courts of appeals is that temporary or interim relief will not constitute merits-based relief. *Id.* at 273 (*citing Bd. of Educ. Oak Park v. Nathan R.*, 199 F.3d

377, 382 (7th Cir. 2000); *Christopher P. by Norma P. v. Marcus*, 915 F.2d 794, 804-05 (2d Cir. 1990); *Haley v. Pataki*, 106 F.3d 478, 483 (2d Cir. 1997); *Forman v. Dallas County,* 193 F.3d 314, 323 (5th Cir. 1999)). The Third Circuit concluded:

> In this case, the ALJ reached his conclusion only thirteen days after the Board filed its motion and only six days after J.O. filed the cross-petition. Notwithstanding that the ALJ conducted a hearing at which he heard testimony and reviewed documents, there is no indication that he reached the merits of the parties' arguments. The ALJ's order explicitly provides that it is effective only until an appropriate placement could be found for [the student] or until "further Order of an ALJ, or until the issuance of a final decision in this matter."

*J.O.*, 287 F.3d at 274 (internal citation omitted). It held that the ALJ's determination could not be construed as a determination on the merits.

In this case, Plaintiffs are not entitled to attorney fees because they are not prevailing parties. In each of the cases cited above, the Third Circuit held that fees were not warranted even though the court or tribunal conducted a hearing, found a likelihood of success on the merits, and ordered the relief sought. The opposite happened here. Plaintiffs were unsuccessful in their attempt to secure a TRO. In fact, the Court unequivocally held that the TRO was not warranted because Plaintiffs *had not* demonstrated a likelihood of success on the merits for multiple reasons—including the failure to demonstrate Article III standing, the failure to exhaust administrative remedies, and because the ADA does not mandate universal community masking as a reasonable accommodation. The Court also held that the balance of the other public and private factors weighed against the requested TRO. There can be no question that Plaintiffs were not prevailing parties.

Notwithstanding their lack of success before the Court, Plaintiffs argue that they are prevailing parties because the Third Circuit provided them with the very relief that they sought. They point to the Third Circuit's January 23, 2022, single-judge Order providing them with emergency relief, and the extension of that Order by subsequent scheduling orders, as providing

10

them with "merits based injunctive relief." (ECF No. 32, p. 10). They state that, despite the Court's determination that the TRO was not warranted, they received everything they requested through the Third Circuit's entry and maintenance—without rationale—of an emergency injunction. They specifically contend that, because the Third Circuit's emergency injunction was permitted to remain in place until March 1, 2022, after the CDC moved Allegheny County into the "low" risk category, "Plaintiffs were provided merits-based relief by providing 100% of the requested relief which fulfilled Plaintiffs' purpose of protecting their civil rights against specific unwarranted exercises of that power by the School District." (*Id.*).

Plaintiffs are, to an extent, correct that they received the relief that they sought—a universal masking mandate in their School District for approximately five weeks and until the CDC changed Allegheny County's risk category.[2] Nevertheless, like the cases cited above, the relief afforded to Plaintiffs was not merits-based. Indeed, Judge Ambro's January 23, 2022, Order undertakes *no analysis* of the merits of the case and purports, by its own language, to be temporary:

> The foregoing Motion by Appellants for emergency injunctive relief is GRANTED ***on a temporary basis***. A full three-judge panel of this Court will be formed forthwith to consider the motions and issue a ruling. Both parties must file responses to the pending motions on or before 2:00 pm on Tuesday, January

---

[2] But from a factual perspective, it is questionable whether Plaintiffs received from the Third Circuit *everything* they sought in this Court—i.e., an Order requiring universal masking as long as Allegheny County was in the CDC's "high" or "substantial" categories. The CDC's February 25, 2022, amendments to its masking recommendations completely recalibrated the metrics underlying its assessment of community risk. The old metric (upon which Plaintiffs based their claims) had four categories (low, moderate, substantial, and high) and was based solely on the number of cases in a given region. The new metric has only three categories (low, medium, and high) and includes other variables beyond case count such as hospital bed usage and new hospital admissions in a region. *See* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html (last visited 5/6/22). Thus, the "low" designation of Allegheny County under the February 25, 2022, masking recommendations is a different "low" than under the recommendations as they stood when this case was filed, when this Court denied the requested TRO, and when the Third Circuit entered a temporary emergency injunction.

> 25, 2022. **Counsel are advised that the Court may wish to hear argument, which would likely take place via Zoom, later in the week** and are directed to advise the Clerk immediately of their availability.

(CA3 No. 5) (emphasis added). Even though argument on the merits of the case did not take place within the week, as contemplated by the initial Order, none of the subsequent scheduling orders addressed any of the issues in the case.

In *Singer Management*, *John T.*, and *J.O.*, the Third Circuit held that the respective plaintiffs did not prevail on the merits even though they were given relief after the district court or ALJ engaged the parties' substantive arguments and determined that the plaintiffs were, at the very least, likely to ultimately succeed on the merits. In each of those cases, the Third Circuit held that the interim nature of the relief precluded a finding that the respective plaintiffs prevailed on the merits of their claims. Here, the Third Circuit's entry of a temporary emergency injunction was specifically viewed by that Court as temporary. Moreover, it did not even attempt to discuss and determine the substantive issues raised by the parties—much less express a determination that Plaintiffs had satisfied their burden to demonstrate that injunctive relief was warranted. The plain language of the January 23, 2022, single-judge Order was to briefly pause the School District's determination that individuals and students could make the decision themselves whether to mask. It was merely an interim measure that was in no way a determination on the merits of any issue before the Third Circuit.[3]

---

[3] Plaintiffs point to language of the March 1, 2022, Order dismissing the consolidated appeals as moot as indicating that the Third Circuit's entry of the emergency injunction was a determination on the merits. That language states: "***While we doubt issues of standing or exhaustion deprive this Court of jurisdiction***, we agree with the parties that the absence of a live controversy renders this matter moot . . . ." (CA3 No. 44) (emphasis added). Plaintiffs' argument has no merit. As a primary matter, this language is mere dicta. The Third Circuit dismissed the appeal from the Court's decision as moot. As such, it did not address—and did not need to address—the issues of standing and exhaustion. Moreover, these were not the only issues that the Court found precluded the issuance of the requested TRO. The Court also determined that the ADA does not require universal masking as a reasonable accommodation and that other factors

It is well established that an award of attorney fees will only be permitted when the seeking party prevailed on the merits. Plaintiffs did not prevail on the merits since the Court held that they failed to meet their burden and denied the request for a TRO. An application of the Third Circuit's precedent dispels any notion that the temporary emergency injunction it granted can be construed as relief on the merits. It was not. As such, there is no legal basis for an award of attorney fees to Plaintiffs.

### III.   CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Attorney Fees and Costs (ECF No. 31) will be denied. An Order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

Dated:

5-12-22

---

weighed against entering a TRO. For example, the Court held that Plaintiffs' legal theory risked elevating what are merely recommendations of the CDC to the level of law and, also, upset the long-established principle of local governance of schools through their duly elected school boards. The Third Circuit's March 1, 2022, Order makes no mention of these issues. Thus, even if its language on the issues of standing and exhaustion were not properly construed as dicta, the Order cannot—as Plaintiffs' suggest—be viewed as a determination of the merits of their appeal.